UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | } | Consolidated under |
| LIABILITY LITIGATION (No. VI) | } | MDL DOCKET NO. MDL 875 |
| | } | Maritime Docket (MARDOC) |
| | } | |
| | } | Case No.:  2:09CV30298 |
| | } | |
| This Document RELATES TO: | } | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES T. VANDERKAR, | } | |
| | } | |
| Plaintiff, | } | Transferor District Court: |
| | } | N.D. Ohio Case No. 1:00CV12191 |
| v. | } | |
| | } | |
| A-C PRODUCT LIAIBLITY TRUST et al., | } | |
| | } | |
| Defendants. | } | |

NOTICE OF APPEARANCE, GENERAL DENIAL, DEFENSES AND
AFFIRMATIVE DEFENSES, AND ANSWER TO CROSS-CLAIMS OF
GEORGIA-PACIFIC CONSUMER PRODUCTS LP[1]

COMES NOW Georgia-Pacific Consumer Products LP, successor-in-interest to certain

assets and liabilities of Fort James Operating Company and incorrectly named in Plaintiff's

Complaint as Crown Zellerbach Corporation ("Defendant" or "Georgia-Pacific Consumer

Products LP"), by and through counsel, and hereby gives notice that Jeffrey F. Starling enters his

appearance as counsel of record for Defendant.  Further, pursuant to paragraph 7 of the Court's

October 29, 2009 Status and Scheduling Conference Order, Defendant hereby respectfully

---

[1]     Defendant has not been named a defendant in this action; however, Defendant is a
successor-in-interest to certain assets and liabilities of Fort James Operating Company, which is
incorrectly named Crown Zellerbach Corporation in Plaintiff's Complaint.  By filing this
pleading, Defendant does not waive any defenses arising from Plaintiff's purported service of
process on Crown Zellerbach Corporation, an incorrectly named entity.

submits its "general denial of all the allegations contained in the complaint," Defenses and

Affirmative Defenses, and Answer to Cross-Claims as follows:

<u>**GENERAL DENIAL**</u>

1.      In accordance with Rule 8(b)(3) of the Federal Rules of Civil Procedure and

pursuant to paragraph 7 of the Court's October 29, 2009 Status and Scheduling Conference

Order, Defendant denies generally each and every allegation contained in Plaintiff's Complaint.

<u>**DEFENSES AND AFFIRMATIVE DEFENSES**</u>

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      The Court lacks jurisdiction over the person of Defendant and over the subject

matter of the action.

4.      Process, as issued to Defendant, is insufficient.

5.      Service of process upon Defendant was insufficient.

6.      Upon information and belief, Plaintiff died on December 7, 2006, and Plaintiff's

counsel failed to timely amend the Complaint to state a wrongful death claim against Defendant.

Moreover, Defendant has not been timely served with an amended complaint stating any

wrongful death claim.

7.      To the extent Plaintiff knew, or should have known, of the dangers associated

with asbestos, the claims alleged in the Compliant are barred in whole or in part by Plaintiff's

assumption of risk.

8.      The claims alleged in the Complaint are barred in whole or in part by the

contributory negligence of Plaintiff.

9.      Plaintiff's claims are barred by the doctrine of comparative negligence, or, in the

alternative, the recovery of Plaintiff shall be diminished by an amount proportionately equal to

the percentage of the negligence of Plaintiff that contributed to said injuries and damages.

2

10.     This action was not brought within the time limit for the commencement of such actions by the governing statute of limitations and/or statute of repose.

11.     Plaintiff's claims are barred by the doctrine of laches.

12.     Any recovery to which Plaintiff might have otherwise been entitled is barred by the doctrines of waiver, release, and/or estoppel.

13.     Plaintiff has failed to join necessary or indispensable parties in this action.

14.     Plaintiff's alleged damages were caused by some party or parties over whom Defendant had no control.

15.     Such damages as are alleged by Plaintiff are the proximate result of intervening and superseding causes for which Defendant is not liable.

16.     At all times relevant hereto, Plaintiff was subject to the provisions of the applicable workers' compensation statute, which provided for exclusive remedies and which, if Plaintiff was an employee of Defendant, bars this action.

17.     Plaintiff was not exposed to, and did not work with or in the vicinity of, any asbestos-containing product manufactured, sold or supplied by Defendant.

18.     Defendant's conduct met or exceeded the state-of-the-art.

19.     Plaintiff's exposure on the alleged premises of Defendant, if any, was so minimal that it could not constitute a proximate cause of the injuries and damages claimed in this action.

20.     Plaintiff's employers had non-delegable duties to provide a safe work environment, both generally and as they relate to the use of asbestos and asbestos-containing products.

21.     Plaintiff may not recover in a general maritime cause of action any non-pecuniary loss, such as lost future income, lost support and services, pain and suffering, loss of society, or lost future earnings.

22.     Plaintiff has failed to plead special matters pursuant to Federal Rules of Civil Procedure 9(f) and (g).

23.     To the extent Plaintiff has released, settled, or otherwise compromised the underlying claims referred to in the Complaint, the claims are barred by operation of law or, in the alternative, should be reduced by way of set-off.

24.     Plaintiff has failed to mitigate his damages.

26.     Plaintiff has failed to state a cause of action entitling Plaintiff to punitive damages.

27.     The claims of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages, without proof of every element beyond a reasonable doubt, would violate Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and under the applicable state constitution.

28.     Alternatively, unless both Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the applicable state constitution.

29.     The claims of Plaintiff for punitive damages against Defendant cannot be sustained because any award of punitive damages without bifurcating the trial of all punitive

4

damages issues would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the applicable state constitution.

30.     The claims of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the business entity status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards would violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the applicable state constitution and the Defendant's rights of protection against double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the applicable state constitution.

31.     The claims of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by the applicable law would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution and by the applicable state constitution.

32.     The claims of Plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, and self-incrimination and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel would violate Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment, and by the applicable state constitution.

33.     Defendant asserts and hereby incorporates by reference all defenses and affirmative defenses made by any of the other defendants to this action that are not inconsistent with Defendant's defenses.

34.     Because this litigation is in its initial stage and additional defenses and affirmative defenses may become available to Defendant during the pendency of this action, Defendant specifically reserves the right to raise additional defenses and affirmative defenses as may become available through investigation and discovery.

## ANSWER TO CROSS-CLAIMS

35.     Defendant denies all allegations asserted, or to be asserted, against it that allege that Plaintiff was exposed to asbestos from any product, or at any premises, attributed to Defendant, or that such alleged exposure caused Plaintiff's injuries.

WHEREFORE, Georgia-Pacific Consumer Products LP requests the Court to enter judgment in its favor, to dismiss Plaintiff's claims and any cross-claims against Georgia-Pacific Consumer Products LP, and that it be awarded its costs, attorneys' fees, and expenses incurred herein, and such other and further relief as the Court may deem proper.

/s  Jeffrey F. Starling
Jeffrey F. Starling (VA Bar No. 65986) (admitted *pro hac vice*)
McGuireWoods LLP
One James Center
901 East Cary St.
Richmond, Virginia 23219
Phone: (804) 775-4388
Fax: (804) 698-2046
Email: jstarling@mcguirewoods.com
*Attorney for Georgia-Pacific Consumer Products LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January, 2010, a copy of the foregoing Notice of

Appearance, General Denial, Defenses and Affirmative Defense, and Answer to Cross-Claims of

Georgia-Pacific Consumer Products LP has been served via ECF upon all counsel of record in

the Court's electronic filing system.

/s  Jeffrey F. Starling

\10294556.3

8